# PETER GLAUM v. P. H. SKAUG.[1]

May 21, 1915.

Nos. 19,150—(69).

**Broker's compensation — findings sustained by evidence.**

    1. Plaintiff, at the trial, testified that defendant agreed to pay $2 per acre commission, if defendant sold his farm to the purchaser found by plaintiff at a price agreeable to defendant. Defendant testified that the sale price was to be $65 per acre net, and plaintiff was to have the excess, if any, or else was to look to the purchaser for his commission. The jury found plaintiff's version of the agreement true. There was competent evidence to sustain the finding.

**Rulings of trial judge.**

    2. The record discloses no reversible errors in the rulings at the trial.

Action in the district court for Wilkin county to recover $356 as commission for obtaining a purchaser for defendant's real estate. The case was tried before Flaherty, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $375. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Leonard Eriksson,* for appellant.

*Johnston & Dennis,* for respondent.

Holt, J.

This action is to cover an alleged agreed commission of $2 per acre for procuring a purchaser for defendant's farm. After verdict for plaintiff, defendant appeals from the order denying his motion for a new trial.

These facts appear beyond dispute: In the summer of 1912 defendant owned a farm of 178.65 acres in Becker county, and listed the same with plaintiff, a real estate dealer, for sale; that plaintiff made various efforts to find a purchaser; that finally one Muench was

[1] Reported in 152 N. W. 760.

found; that defendant was furnished with the name and address of this prospective purchaser by plaintiff, to the end that direct negotiations between seller and purchaser might the better accomplish the desired deal; that plaintiff took Muench to defendant's home, quite a distance away from the farm, and there a contract was made by which defendant and his wife agreed to convey the farm to Muench for $11,000, which contract was subsequently carried out.

Plaintiff alleged that the farm was listed at $60 an acre, and that the agreement was that if a sale was made or a purchaser procured at the price, or more, defendant should pay plaintiff for his services $2 per acre. Defendant in the answer admitted the employment, but alleged that during 1912 the price should be $60 per acre net to him; that plaintiff failed to find a purchaser in 1912; that thereupon it was agreed that the employment should continue into 1913, but that plaintiff's commission should be such amount as the purchaser would pay, or agree to pay in excess of $65 per acre; and further that in the sale made plaintiff agreed with defendant to obtain his commission from the purchaser, Mr. Muench. During the trial an immaterial amendment to the complaint was allowed, without objection, to the effect that plaintiff as part of his services was to cause the abstract to be brought down to date of sale and should record two satisfactions of mortgages at no cost to defendant. Plaintiff testified that in December, 1912, when he furnished defendant with the name and address of Muench, it was agreed that, if the farm was sold to him at such price as defendant saw fit, plaintiff was to be paid $2 an acre as commission. The defendant's testimony went to sustain the allegations of his answer. The material issue of fact was simple. The conflict thereon between the parties was sharp. It would serve no useful purpose to detail their testimony. The jury found plaintiff's contention true. This finding has been approved by the trial court, and, under a well settled practice, we are not permitted to interfere. We are confined therefore to the errors assigned upon the rulings and instructions of the court. And, as to such, none ought to be considered, except those discussed in the brief.

One contention is that the court erred in not dismissing the case when plaintiff rested, because of variance between pleading and

proof and because it appeared that the action was premature. We are not sure that we grasp appellant's point, unless it be this: That the complaint as amended stated that plaintiff, as part of the services to be rendered, was to bring down the abstract and record two satisfactions and this did not appear to have been done, until, perhaps, after this action was begun. Plaintiff testified that he caused the abstract to be brought down and recorded the satisfactions. Defendant did not pay therefor. The motion to dismiss was not on the ground of variance or because the action was prematurely brought, and no objection was offered to the amendment of the complaint. We fail to see any merit in the contention. The only error assigned upon the rulings on the admission of testimony, which is discussed by appellant in the brief, is this: Late in 1912 plaintiff, in expectation of a purchaser coming to his office in Detroit, Minnesota, to buy the farm, wrote defendant to meet there to close the deal. The defendant claimed that when, in response thereto, he came to plaintiff's office he left this letter there. Plaintiff denied that he got the letter back. At the trial defendant offered to testify that in this letter plaintiff stated that the purchaser would pay $60 an acre and reasonable commission. This was excluded as immaterial. There was no error in the ruling, for the agreement upon which plaintiff relied for recovery was subsequent to the letter, so that what was therein stated related to a collateral issue, and as to the admissibility of evidence upon such issues the trial court has a wide discretion.

Exceptions are predicated upon the refusal to instruct the jury in accordance with defendant's request. So far as the requested instruction, first set out in this assignment of error, was applicable to the contention of the parties, as made at the trial, we think the general charge embodied it sufficiently. With respect to the other part, it is plain that the court could not have given it without wholly rejecting plaintiff's testimony. One sentence thereof reads: "The court further instructs you as a matter of law that even if the plaintiff did produce or cause to be produced a person ready, willing and able to purchase the defendant's lands he cannot recover any commission from the defendant, unless the plaintiff shows by a preponderance of the evidence that the purchaser was ready, willing and able

to pay as a purchase price of said lands a sum greater than $65.00 per acre, unless you should find that the defendant or owner of the lands on the day of the sale deliberately promised to pay the agent a commission; but there is no such claim made by the plaintiff."

We find no error and the trial, as the record reveals it, indicates nothing of which appellant might justly complain as being unfair.

Order affirmed.